**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar No. 322946)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
jglatt@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANGELO SUBIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Angelo Subia ("Plaintiff") brings this action individually and on behalf of all others similarly situated against Meta Platforms, Inc. ("Defendant"). Plaintiff brings this action based upon personal knowledge of the facts pertaining to himself, and on information and belief as to all other matters, by and through the investigation of undersigned counsel.

## NATURE OF THE ACTION

1. This is a class action lawsuit brought against Defendant for wiretapping the oral communications of Plaintiff and other consumers using Defendant's "Meta AI Glasses" (the "Product" or "Glasses").

2. The Glasses are designed to be wearable AI assistants, providing the wearer with answers to questions and commentary on what they see throughout the day. The Glasses are also meant to assist with day-to-day activities like responding to messages and receiving phone calls.

3. Specifically, when a user says "Hey Meta…" (referred to herein as the "Trigger Words") the microphone, camera, and AI software therein are set to activate, ready to listen to the request or question posed by the wearer. But consumers have noticed—and confirmed—that the Product activated, listened to, and recorded consumers' conversations even when the user did not say the Trigger Words.

4. Accordingly, Plaintiff brings claims against Defendant for violation of the California Invasion of Privacy Act ("CIPA"), Cal. Pen. Code §§ 631 and 632, on behalf of himself and all similarly situated Californians whose conversations were eavesdropped upon without their knowledge or consent.

## PARTIES

5. Plaintiff Angelo Subia is a resident of Plumas Lake and citizen of California. In or about January 2026, Plaintiff purchased a pair of Meta AI Glasses from a LensCrafters store in Sacramento, California. Since his purchase, Plaintiff has worn the Product daily and has had numerous conversations with others while wearing the Product. These conversations included sensitive, personal matters, both in person and by telephone, including with family, friends, doctors, and financial institutions. During these conversations, Plaintiff did not trigger the Product using the Trigger Words, nor did he intentionally say the Trigger Words. Nonetheless, the Product

was listening to Plaintiff and recording his conversations with others, even when Plaintiff did not trigger the Product. Plaintiff's communications are stored in his account's Voice Activity Log. Plaintiff's Glasses are triggered if Plaintiff says, "Hey Meta." Plaintiff understood before purchasing the Product that his communications were only recorded when he activated the Glasses as designed. Accordingly, Plaintiff trusted that Defendant's Product would operate as designed. Defendant has violated this trust and, in so doing, his privacy. The Glasses sent Plaintiff's communications to Defendant, even when the Product was unintentionally triggered. Plaintiff did not provide affirmative consent to Defendant to record his private conversations when he did not trigger the Product.

6. Defendant Meta Platforms, Inc. is a Delaware corporation with its principal place of business at 1 Meta Way, Menlo Park, California 94025.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000, exclusive of interest and costs, and at least one member of the proposed class is a citizen of a state different from Defendant.

8. This Court has personal jurisdiction over Defendant because Defendant's principal place of business is in California.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District.

## FACTUAL ALLEGATIONS

### A. Defendant's Meta Glasses Record Users Without Their Knowledge or Consent

10. Defendant's Meta AI Glasses are the latest in wearable, AI-incorporated technology.

11. The Products can be purchased either with a camera or without a camera, but all come with a built-in microphone, speaker, and AI capabilities. The Glasses with a camera feature a small opening where the arm of the glasses connects to the frame.



12. The information the Glasses retrieve can be displayed directly on the lens for the user to view:



13. The Products are intended to integrate into the wearer's everyday life. For example, consumers can respond to text messages and answer phone calls:




14. They are also designed to record high-quality video and audio from the consumer's point of view:




15. In the last year, Defendant sold more than 7 million pairs of its Meta AI Glasses with a camera. The audio-only AI glasses (without a camera) have been on the market for slightly less than one month.[1]

[1] Katharina Buchholz, *Meta Is Dominating the Smart Glasses Market*, Statista (Oct. 13, 2026) *available at* https://www.statista.com/chart/amp/36693/estimated-number-of-ai-glasses-sold-worldwide/?srsltid=AU7gw4Xvo1n9PPHxA8U1NKo5WtfY6bCWSutMHT3NmC3QkpFAPOLv2iSR.

16. The Product is not designed to record at all times. To activate recording, the wearer says, "Hey Meta." In other words, the Product is not supposed to record or listen unless and until the consumer triggers it by asking, "Hey Meta." But, as consumers found, the Product was activating, listening, and recording *without* the Trigger Words.

17. "According to numerous reports from users, Meta's smart glasses have been making audio recordings of their conversations without the user's permission."[2]

18. Recently, a user noticed "something concerning with Meta's Ray-Ban glasses: they were capturing conversation when they were talking to other people despite the 'Hey Meta' wake phrase not being used."[3] As the user noted, this occurred even when "the 'Respond without Hey Meta' setting was turned off."[4]

19. This issue is not unique to an individual user. "[A] Ray-Ban Meta owner says three separate pairs, spanning second- and third-generation models, captured ordinary conversations without the 'Hey Meta' wake phrase."[5] Indeed, "[s]everal commenters say they noticed similar unexplained activations, including the internal light turning on without invoking Meta AI."[6]

20. These users were able to confirm that the Glasses were recording without their permission, referring back to their "Voice Activity Log" which stores data from recordings.[7]

21. And as Defendant explains, that voice activity is transmitted to Defendant in real time. "Storing your voice interactions will help us better understand and fulfill requests, as well as

---

[2] Matt Binder, *Meta Confirms Smart Glasses Were Recording Without Being Activated*, Mashable (Oct. 15, 2026) *available at* https://mashable.com/tech/meta-confirms-smart-glasses-recording-without-being-activated.

[3] Rob Thubron, *Meta's Smart Glasses Were Recording Conversations Without The Wake Phrase, Company Admits*, TECHSPOT (Oct. 15, 2026) *available at* https://www.techspot.com/news/114214-meta-smart-glasses-secretly-recording-conversations-without-wake.html.

[4] *Id.*

[5] Hillary Keverenge, *Big Surprise: Some Ray-Ban Meta Owners Say Their Glasses Are Listening Without Being Asked (Updated)*, ANDROID AUTHORITY (Oct. 13, 2026) *available at* https://www.androidauthority.com/ray-ban-meta-glasses-listening-3722586/.

[6] *Id.*

[7] *Id.*

respond to a wide range of speech patterns and phrases. We can process stored voice interactions using machine learning and trained reviewers to improve Meta products."[8]

22. While the cause of Defendant's wiretapping is unknown, users noticed that the notification light that turns on during recordings would occasionally activate "after a recent firmware update,"[9] suggesting that this issue was likely widespread.

## CLASS ALLEGATIONS

23. Plaintiff seeks to represent a class defined as:

> All persons in the State of California who purchased the Product and had their communications recorded without using the Trigger Words (the "Class").

24. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned, and any member of such Judges' staff and immediate families, Defendant's Counsel, and Plaintiff's Counsel.

25. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be modified, expanded, or narrowed by amendment to the Complaint or at class certification.

26. **Numerosity.** The members of the Class are geographically dispersed throughout California and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates there are hundreds of thousands of members in the Class. Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the Class is so numerous that individual joinder would be impracticable.

27. **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

---

[8] Meta, *Manage Your Voice Activity Log for AI Glasses*, available at https://www.meta.com/help/ai-glasses/1129552064459382/.

[9] Hillary Keverenge*, supra* note 5.

(a) Whether the Products activated before detecting the Trigger Words;

(b) Whether Defendant violated CIPA, Cal. Pen. Code §§ 631 and 632; and

(c) Whether the Class is entitled to actual and/or statutory damages for the aforementioned violations.

28. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other members of the Class, used the Product and had their communications monitored, intercepted, recorded, stored, and accessed by Defendant without saying the Trigger Words.

29. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

30. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual member of the Class may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## CAUSES OF ACTION

## COUNT I

**Violation of the California Invasion of Privacy Act,
Cal. Pen. Code § 631**

31. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

32. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

33. To establish liability under section 631(a), Plaintiff need only establish that Defendant, "by means of any machine, instrument, or contrivance, or in any other manner," did any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,
>
> *Or*
>
> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,
>
> *Or*
>
> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,
>
> *Or*
>
> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

34. The California Supreme Court has twice explained that the "express objective" of CIPA is to "protect a person placing or receiving a call from a situation where the person on the other end of the line permits an outsider to tap his telephone or listen in on the call." *Ribas v. Clark*, 38 Cal. 3d 355, 364 (1985); *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183, 200 (2021) ("As [the

California Supreme Court] explained in *Ribas* … a substantial distinction has been recognized between the secondhand repetition of the contents of a conversation and its simultaneous dissemination to an unannounced second auditor, whether that auditor be a person or mechanical device.”). The Ninth Circuit similarly explained that one of the purposes of wiretapping statutes is “to prevent the acquisition of the contents of a message by an unauthorized third-party or ‘an unseen auditor.’” *In re Facebook Internet Tracking Litig.*, 956 F.3d 589, 608 (9th Cir. 2020).

35. Defendant’s software is a “machine, instrument, or contrivance, or … other manner” used to engage in the prohibited conduct at issue here.

36. At all relevant times, by using the Product, Defendant intentionally tapped, electronically or otherwise, the lines of communication between Plaintiff and members of the Class, on the one hand, and various individuals on the other.

37. At all relevant times, by using Defendant’s technology, Defendant willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of communications of Plaintiff and members of the Class, while the telephonic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

38. Plaintiff and members of the Class did not consent to any of Defendant’s actions in enabling wiretaps in the Product, which activated on its own. Nor have Plaintiff and members of the Class consented to Defendant’s intentional access, interception, reading, learning, recording, and collection of the communications of Plaintiff and members of the Class.

39. Plaintiff and members of the Class have had their trust in Defendant to record their communications—as Defendant promised—only when triggered, violated.

40. Plaintiff and members of the Class seek all relief available under Cal. Penal Code § 637.2, including statutory damages of the greater of $5,000 per violation or three times the amount of actual damages.

**COUNT II**
**Violation of the California Invasion of Privacy Act,**
**Cal. Pen. Code § 632**

41. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

42. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

43. California Penal Code § 632(a) provides, in pertinent part:

> A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine not exceeding two thousand five hundred dollars. . . .

44. Defendant is a "person" under the California Invasion of Privacy Act.

45. At all relevant times, by using the Product, Defendant intentionally used an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and members of the Class.

46. When using their Product, Plaintiff and members of the Class had an objectively reasonable expectation of privacy. Plaintiff and members of the Class did not reasonably expect that Defendant would intentionally use an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and members of the Class unless Plaintiff and members of the Class said the Trigger Words to activate their Product.

47. Plaintiff and members of the Class did not consent to Defendant's intentional use of an electronic amplifying or recording device to eavesdrop upon and record the confidential communications of Plaintiff and members of the Class when they did not activate their Product using the Trigger Words.

48. Plaintiff and members of the Class have had their trust in Defendant to record their communications—as Defendant promised—only when triggered, violated.

49. Pursuant to Cal. Penal Code § 637.2, Plaintiff and members of the Class have been injured by the violations of Cal. Penal Code § 632, and each seeks damages for the greater of $5,000 per violation or three times the amount of actual damages, as well as injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the Class under Federal Rule of Civil Procedure 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

b. For an order declaring that Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory and statutory damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For injunctive relief as pleaded or as the Court may deem proper; and

g. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 19, 2026

**BURSOR & FISHER, P.A.**

By: /s/ *Neal J. Deckant*

Neal J. Deckant (State Bar No. 322946)
Joshua B. Glatt (State Bar No. 354064)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455

Facsimile: (925) 407-2700
E-mail: ndeckant@bursor.com
jglatt@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese *(pro hac vice forthcoming)*
Alec M. Leslie *(pro hac vice forthcoming)*
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-mail: jmarchese@bursor.com
aleslie@bursor.com

*Attorneys for Plaintiff*